# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LANCE JAVON SHEFFIELD,**

    **Plaintiff,**

vs.                       **CASE NO. 4:15cv553-MW/CAS**

**SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This cause is before me upon referral from the Clerk. In an Order filed November 16, 2015, Plaintiff was directed to either (1) file a motion for leave to file in forma pauperis, or (2) pay the filing fee, or (3) file a notice of voluntary dismissal of this action by December 16, 2015. Plaintiff was specifically warned that a recommendation would be made that this case would be dismissed if he did not comply with that order. ECF No. 3. On November 16, 2015, Plaintiff filed a Motion for Change of Venue, ECF No. 4. On November 25, 2015, the Court entered an order advising Plaintiff that no action would be taken on his Motion for Change of Venue until he

complied with this Court's November 16, 2015, order by submitting an IFP motion.  ECF No. 5.  On December 12, 2015, Plaintiff filed a Motion for Temporary Restraining Order, ECF No. 6.  No action was taken on that Motion because the Court was still waiting on Plaintiff to comply with the Court's previous two orders.  To date, Plaintiff has not submitting the iFP motion as requested.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991).  Also, Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989), and cases cited; Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).  Plaintiff did not comply with a court order or prosecute this case.  This action should now be dismissed.

Plaintiff shall have a 14 day period after service of this Report and Recommendation in which to file objections.  This will also afford Plaintiff a final opportunity to show good cause for his failure to respond.  Alternatively, Plaintiff may also file a "motion for reconsideration" which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on December 29, 2015.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.